# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WORLDPAK INTERNATIONAL, LLC | § | |
| | § | |
| v. | § | Case No. 4:08-CV-00469 |
| | § | Judge Schneider/Judge Mazzant |
| DIABLO VALLEY PACKAGING, INC. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff's Motion to Dismiss (Dkt. # 11), and having considered the relevant pleadings, the Court recommends that Plaintiff's motion should be granted.

## BACKGROUND

Plaintiff Worldpak International, LLC ("Worldpak"), a Delaware limited liability company, with its principal place of business in Plano, Texas, filed a complaint against Diablo Valley Packaging, Inc. ("Diablo"), a California corporation, on December 9, 2008.

Worldpak's complaint alleges that as a distributor of packing products, it is the owner of numerous glass container designs, which its primary manufacturer, San Miguel Corporation ("San Miguel") located in the Philippines, utilized in the production of glass containers. Worldpak would sell the glass manufactured by San Miguel to outside packing distributors. Worldpak alleges that in 2003, a contractual relationship was reached with Diablo for the sale of Worldpak's glass packaging products.

Worldpak's complaint alleges that Diablo tortiously interfered with Worldpak's contractual and business relationship with San Miguel in an attempt to replace Worldpak as a glass distributor for San Miguel. Worldpak alleges that Diablo disparaged and defamed Worldpak to San Miguel and other customers such as Imperial Packing Corporation ("Imperial"). Worldpak alleges that Diablo

breached an agreement requiring Diablo to purchase specific glass molds directly and solely from Worldpak. Worldpak also alleges that Diablo insisted on prompt shipment of products, only to refuse shipment and payment of storage costs on the basis that Diablo did not authorize their release, causing Worldpak to incur costs for storage. Worldpak also accuses Diablo of accepting and reselling goods without properly paying Worldpak.

Diablo generally denies Worldpak's allegations. Diablo acknowledges buying glass products from Worldpak, but denies any wrongdoing or interference with Worlpak's business. Diablo argues that the glass mold agreement referenced by Worldpak expired on its own terms, and therefore Diablo did not breach the agreement by purchasing molds directly from San Miguel. Diablo acknowledges asking Worldpak to store some of its product, but does not acknowledge that Worldpak incurred any costs or inconvenience. It its counterclaim, Diablo alleges that Worldpak committed negligence and breach of contract by failing to provide shipping confirmations, inventory updates, and timely deliveries. As a result of these actions, Diablo alleges it suffered loss of business reputation, loss of customers, lost sales, and lost profits.

Worldpak filed a Rule 12(b)(6) motion to dismiss Diablo's counterclaim for negligence on February 5, 2009. Diablo filed a response on February 16, 2009. Worldpak filed a reply on February 23, 2009. Worldpak argues that Diablo's negligence claim is barred by the economic loss rule because a party cannot recover in tort for economic damages arising exclusively from an alleged breach of contract. Diablo argues that the economic loss rule is more appropriately decided on a properly supported motion for summary judgment following discovery and that Diablo properly pleded its negligence counterclaim to satisfy the notice pleading requirements.

2

## <u>ANALYSIS</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). However, dismissal for failure to state a claim does not require the appearance that, beyond a doubt, the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). Rather, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately stating its claim, that the claim "may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969.

The economic loss rule generally precludes recovery in tort where a plaintiff's only injury is an economic loss to the subject of a contract.[1] *Academy of Skills & Knowledge, Inc. v. Charter Schools, USA, Inc.*, 260 S.W.3d 529, 541 (Tex. App. – Tyler 2008, pet. denied) (citing *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007); *Sw. Bell Tel. Co. v. DeLaney*, 809 S.W.2d 493, 495 (Tex. 1991)). "When the injury is only the economic loss to the subject of a

---

[1] Diablo asserts that a determination on Worldpak's motion to dismiss is premature because a choice of law analysis cannot be conducted before Diablo has the opportunity to conduct discovery and the necessary facts are not apparent on the face of the pleadings. California treats the economic loss rule in the same manner as Texas. *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 273 (Cal. 2004) ("conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law"). Similar to Texas, in California, a claimant must "demonstrate harm above and beyond a broken contractual promise" to sue in tort. *Id*. Also, the economic loss rule is not confined to the products liability context and is applied generally to negligence cases. *See Lincoln Gen. Ins. Co. v. Access Claims Admin., Inc.*, 2007 WL 2492436 *7-8 (E.D. Cal. Aug, 30 2007) (citing *County of Santa Clara v. Atlantic Richfield*, 137 Cal. App. 4th 292, 318, 40 Cal. Rpter.3d 313, 335 (6th Cal. Ct. App. 2006)).

contract itself, the action sounds in contract alone." *UMLIC VP LLC v. T & M Sales and Envmtl. Sys.,* Inc., 176 S.W.3d 595, 614 (Tex. App. – Corpus Christi 2005, no pet.) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). The focus of the rule "is on determining whether the injury is to the subject of the contract itself." *Academy*, 260 S.W.3d at 541 (citing *Lamar Homes*, 242 S.W.3d at 12). The rule restricts contracting parties to contractual remedies for such economic losses, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence. *Id.* (citing *Lamar Homes*, 242 S.W.3d at 12-13). "If the action depends entirely on pleading and proving the contract in order to establish a duty, the action remains one for breach of contract only, regardless of how it is framed by the pleadings." *OXY USA, Inc. v. Cook*, 127 S.W.3d 16, 20 (Tex. App. – Tyler 2003, pet. denied). Thus, in order for a tort duty to arise out of a contractual duty, i.e., negligent failure to perform a contract, "the liability must arise independent of the fact that a contract exists between the parties; the defendant must breach a duty imposed by law rather than by the contract." *Janicek v. KIKK, Inc.*, 853 S.W.2d 780, 781-82 (Tex. App. – Houston [14th Dist.] 1993, writ denied) (citing *Delaney*, 809 S.W.2d at 944).

As a result of Worldpak's "breach of its duty to act as a reasonably prudent distributor," Diablo seeks damages for loss of business reputation, loss of customers and potential customers, lost sales, and lost profits. The nature of the injury, not the nature of the damages, affects the applicability of the economic loss rule. *See Delaney*, 809 S.W.2d at 494-95; *see also Lamar Homes*, 242 S.W.3d at 12. Therefore, the Court examines Diablo's counterclaim to determine whether the injuries alleged are "to the subject of the contract itself." *Id.*

Diablo's counterclaim refers to Worldpak's alleged negligence in acting as a distributor for glass containers. Diablo also asserts a counterclaim for breach of contract and defines its

relationship with Worldpak as a contractual one. Diablo bases its negligence claim and breach of contract claim upon the same set of facts. The damages requested for each cause of action are essentially the same as well. In light of the language found throughout Diablo's counterclaim, and used to define the relationship between Diablo and Worldpak, the Court must conclude that the injuries complained of by Diablo are "to the subject of the contract itself." *See Lamar Homes*, 242 S.W.3d at 12-13; *See also Delaney*, 809 S.W.2d at 494-95. There would be no liability on the part of Worldpak if it were not a party to a contract with Diablo, because Worldpak owes no duty to Diablo outside the contractual relationship. For the foregoing reasons, Diablo's negligence cause of action is barred by the economic loss rule.

## RECOMMENDATION

Based upon the findings and legal analysis discussed above, the Court RECOMMENDS that Plaintiff's motion to dismiss be GRANTED and Defendant's counter-claim for negligence should be DISMISSED.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 3rd day of June, 2009.** 5

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE